**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURO RODRIGUEZ-TAPIA, | No. 14-72210 |
| Petitioner, | Agency No. A099-512-842 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Mauro Rodriguez-Tapia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The agency did not err in finding that Rodriguez-Tapia failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) ("returning Mexicans from the United States" is too broad to qualify as a cognizable social group). Thus, Rodriguez-Tapia's withholding of removal claim fails.

14-72210

Substantial evidence supports the agency's denial of CAT relief because Rodriguez-Tapia failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief).

**PETITION FOR REVIEW DENIED.**

14-72210